Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8069 | **DATE** | 6/18/2001 |
| **CASE TITLE** | Jefferson vs. RR Donnelley & Sons | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, defendant's motion to dismiss (18-1) is granted in part and denied in part. Plaintiffs' sixth claim is dismissed as time-barred. Defendant's motion is otherwise denied. Plaintiff's response to motion for summary judgment due 9/5/01; reply brief due 10/3/01.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 20 2001 | |
| | Notified counsel by telephone. | | date docketed | 30 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | OR | courtroom deputy's initials | FILED FOR DOCKETING 01 JUN 19 PM 4:29 Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LOUIS JEFFERSON, et al., )
)
        Plaintiffs, )
)
vs. ) Case No. 00 C 8069
)
R.R. DONNELLEY & SONS CO., et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiffs in this case were employees at the Chicago Manufacturing Division of R.R. Donnelley & Sons, a printing firm headquartered in Chicago, who were terminated in 1993-94 in connection with Donnelley's shutdown of the CMD. They have made six separate claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132, alleging that Donnelley (as we will refer to the various defendants) has violated the statute in various ways in dealing with their pension benefits and retiree medical benefits coverage. In this Memorandum Opinion we decide Donnelley's motion to dismiss plaintiffs' second and sixth claims on the grounds that they are barred by the statute of limitations.

In their second claim, plaintiffs Louis Jefferson and William Fischer allege that Donnelley breached its fiduciary duties to 1994 retirees by failing to inform them of certain enhanced pension benefits for which they might have become eligible. In their sixth claim, plaintiffs Arthur Brickse, Robert Kotan, Richard Mebane, and Thelma Townsend allege that Donnelley breached its fiduciary duties by misrepresenting that retiree medical benefits would be



non-contributory, i.e. that they would never have to pay anything to receive the benefits.

The statute of limitations for claims under §1132 is found in 29 U.S.C. §1113, which provides as follows:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of–
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

It is undisputed that plaintiffs' second and sixth claims are untimely unless plaintiffs are entitled to rely on the final clause of §1113.

The "fraud or concealment" provision of §1113 "refers to steps taken by the defendant to hide the fact of the breach rather than to the underlying nature of plaintiffs' claim." *Radiology Center, S.C. v. Stifel, Nicolaus & Co.*, 919 F.2d 1216, 1220 (7th Cir. 1990). In *Martin v. Consultants & Administrators, Inc.*, 966 F.2d 1078 (7th Cir. 1992), the court cited with approval cases holding that "'[c]oncealment by mere silence is not enough." *Id.* at 1094 (quoting *Hobson v. Wilson*, 737 F.2d 1, 33 (D.C. Cir. 1984), in turn quoting *Wood v. Carpenter*, 101 U.S. 135, 143 (1879)). The court declined, however, to strictly limit the "fraud or concealment" provision to cases involving acts of concealment separate from or subsequent to the original wrong, holding that the provision "can include genuine acts of concealment committed in the course of the underlying wrong." *Id.* at 1095. But commission of an underlying wrong is not enough by itself:

2

"[t]here must be actual concealment--i.e., 'some trick or contrivance intended to exclude suspicion and prevent inquiry.'" *Id.*, quoting *Wood*, 101 U.S. at 143.

We apply these principles to plaintiffs' second and sixth claims. In their sixth claim, plaintiffs allege that in December 1992, Donnelley executives held meetings at the CMD at which they advised employees that anyone who was at least 55 years old and had 10 years of service as of December 31, 1992 could retire, and if they did so would receive retiree medical benefits at no cost to them for their lifetimes and the lifetimes of their spouses; the executives stated that in the future the Retiree Medical Plan would be amended to require future retirees to contribute to the cost of their medical benefits. Am. Cplt. ¶26. Plaintiffs allege that Donnelley also distributed brochures and memos stating that eligible employees who retired before March 31, 1993 would not be required to make contributions toward their medical coverage. *Id.* ¶27. Donnelley thus created an incentive for eligible employees to retire right away. Effective January 1997, however, Donnelley amended the Retiree Medical Plan to require contributions from all participants, including those to whom it allegedly had promised free lifetime coverage. *Id.* ¶32. The plaintiffs in claim six made a claim on Donnelley for non-contributory benefits in August 1999; Donnelley rejected the claim in October 1999, saying that it had not promised lifetime non-contributory benefits and that it had reserved the right to modify the benefits. *Id.* ¶¶33-34. Plaintiffs filed this suit on December 22, 2000.

Plaintiffs' sixth claim is time-barred. Their contention is that Donnelley's representatives were lying (or at least holding something back) when they told employees in December 1992 that medical benefits would be free forever. That, however, is the original wrong of which plaintiffs complain, and it is not a wrong involving a "trick or contrivance" to keep it secret: plaintiffs

3

allege no steps by the fiduciaries to "cover their tracks." *Consultants & Administrators,* 966 F.2d at 1095-96 (quoting *Radiology Center,* 919 F.2d at 1220). Donnelley's failure to disclose its alleged intention to change things later is not enough to trigger the "fraud or concealment" provision of §1113.

In their second claim, plaintiffs allege that the operative version of Donnelley's pension plan in effect at the time of the CMD shutdown, the 1996 Pension Plan, did not provide for any benefit enhancements for participants terminated in the shutdown. However, plaintiffs say, the company provided certain employees with enhanced benefits, including benefits described in informal "guidelines." Am. Cplt. ¶15A. After the shutdown, Donnelley amended the Pension Plan retroactively to January 1, 1989, adding enhanced benefits for participants terminated in the intervening years. *Id.* ¶16. In particular, the 1989 Pension Plan provided that participants terminated in 1993 whose age and years of service added up to at least 75 were eligible for enhanced benefits. *Id.* ¶16B. Fischer and Jefferson say they met the "rule of 75" in 1993 but stayed on until 1994 at Donnelley's request to assist in the CMD shutdown. *Id.* ¶19. They contend that Donnelley failed to advise them that if they terminated in 1993, they would become eligible for enhanced benefits but would lose that eligibility if they stayed on until 1994. *Id.* ¶20.

In its briefs supporting its motion to dismiss, Donnelley says that this claim is inherently self-contradictory. They characterize the claim as asserting that the "rule of 75" benefits were not available in 1993, but were made available only by the Plan revision adopted in December 1994. If that is so, Donnelley says, how could it have been concealment not to have told the employees in 1993 that the benefits existed: the benefits were not yet available! But plaintiffs say they are claiming that the enhanced benefits for 1993 terminatees, formally adopted in the

4

1994 revision, actually were conferred on some employees *in 1993* but were not made available to the plaintiffs. Such a claim, though perhaps not crystal-clear in the amended complaint, is fairly implied in paragraph 15A. We express no opinion as to the merits of the claim so construed but rather take plaintiffs' allegations as true, as we must on a motion to dismiss.

Plaintiffs have made allegations of fraudulent concealment sufficient to allow their claim to survive. First, they allege that Jefferson was specifically told in 1993 that he did not meet the requirements for enhanced benefits. As he allegedly would have met the "rule of 75," which plaintiffs allege was informally in effect, this alleged statement is an act of concealment sufficient under *Consultants & Administrators* to trigger the "fraud or concealment" provision of §1113. Second, the document embodying the 1994 amendment can be construed as indicating that the benefits it provided had always been available: it says that "officers of the Company ... have offered certain early retirement pensions to Employees who accept early retirement offers" and that "the Company desires to memorialize such amendments and such action in a separate written instrument." Pltfs' Mem., Ex. A, p. 1.[1] But plaintiffs allege that contrary to their disclosure obligations under ERISA, Donnelley failed to provide plaintiffs with notice of the 1994 amendment until December 1997, three full years after its adoption. In so doing, Donnelley arguably concealed its alleged admission that the enhanced benefits had always been available. That likewise qualifies as an act of concealment sufficient under *Consultants & Administrators* to trigger the last clause of §1113. Because plaintiffs appear to have filed suit within six years

---

[1] Though not attached to the amended complaint, the 1994 amendment is specifically referenced therein, *see* Am. Cplt. ¶¶16, and thus we can consider it even though Donnelley's motion is made under Rule 12(b)(6). *See, e.g., Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

5

after discovering the underlying violation, Donnelley is not entitled to dismissal of claim two.

## Conclusion

For the reasons stated above, defendants' motion to dismiss [Docket Item 18-1] is granted in part and denied in part. Plaintiffs' sixth claim is dismissed as time-barred. Defendants' motion is otherwise denied.

                                                            _____
                                                            MATTHEW F. KENNELLY
                                                            United States District Judge

Date:   June 18, 2001